MERRITT, Circuit Judge.
This is a very simple, one-issue sentencing appeal following a guilty plea to the crime under 18 U.S.C. § 922(g) of being a felon in knowing and intentional possession of four guns. Defendant received a 46-month sentence after receiving a two-level enhancement under Guideline § 2K2.1(b)(l) which says: “If the offense involved three or more firearms, increase as follows: (A) 3 to 7 add 2 [offense levels].” Although the defendant apparently did not explicitly make a “disparity” argument in the district court based on § 3553(a)(6), which requires consideration by the court of the “need to avoid unwarranted sentencing disparities,” his only ai'-gument against this sentence on appeal is that the two-level enhancement constitutes an “unwarranted sentencing disparity.” He does not explain by reference to case citation or other reference to how, when, or where defendants in a similar situation in other cases received a more favorable sentence omitting the two-level enhancement. He makes no argument that would assist us in differentiating his specific situation from other specific situations, and so his argument based on “disparity” is not well taken. He pled guilty to knowingly possessing four firearms but says that he inherited two of the four from his father. He says that these two were negligently possessed, although he admits that he knew that he was in possession of these two, as well as the two he participated in purchasing. We find no error in the district court’s sentence and give “due deference to the district court’s application of the guidelines to the facts” as set out in 18 U.S.C. § 3742(e).
Accordingly, the judgment of the district court is affirmed.